```
David A. Tilem (SBN 103825)
LAW OFFICES OF DAVID A. TILEM
206 North Jackson Street, Suite 201
Glendale, California 91206
Tel: 888-257-7648 * 818-507-6000
     Fax:(818) 507-6800
DavidTilem@TilemLaw.com

Proposed Attorneys for Debtor-
     in-Possession
```

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>**BETTER 4 YOU BREAKFAST, INC.**,<br><br>                Debtor. | Case No. **2:22-10994-BB**<br><br>Chapter 11<br><br><u>MOTION ON SHORT NOTICE</u><br>**FOR ORDER LIMITING NOTICE;**<br>**MEMORANDUM OF POINTS**<br>**AUTHORITIES; DECLARATIONS**<br><br>Date: TO BE SET BY COURT<br>Time:<br>CtRm: 1539<br>    255 East Temple Street<br>    Los Angeles, CA 90012 |

**TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY COURT, AND ALL PARTIES IN INTEREST:**

    **NOTICE IS HEREBY GIVEN** that Better 4 You Breakfast, Inc. ("Debtor"), the debtor and debtor-in-possession herein, has asked the Court to issue an Order limiting notice of certain hearings to minimize cost and expense to the estate.

    This motion is based on the attached Memorandum of Points and Authorities and Declarations, pleadings and other documents on file with the Court in this matter and such additional evidence as may be accepted by the Court at the time of the hearing.

**NOTICE IS HEREBY FURTHER GIVEN** that Debtor has requested an expedited hearing on this motion. If that request is granted, interested parties will receive a further notice which has the hearing date, time and location and a copy of the Court's Order setting the hearing. If that request is denied, you will receive another notice with the hearing date, time and place. It is most likely that this hearing will be conducted via Zoom. If that is the case, the Zoom hearing information will also be provided.

**NOTICE IS HEREBY FURTHER GIVEN** that parties who wish to oppose this Motion will be provided with a due date and instructions in the Court's Order setting the expedited hearing.

Dated: February 25, 2022                    LAW OFFICES OF DAVID A. TILEM

By: _____
David A. Tilem
Proposed Attorneys for
Debtor-in-Possession

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

Better 4 You Breakfast, Inc. ("Debtor") seeks an order limiting notice in the above-captioned case as provided in Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") 2002(i), 2002(m) and 9007 so that notice of those matters enumerated in Bankruptcy Rules 2002(a)(2), (3), (5) and (6), and Bankruptcy Rules 4001, 6007, and 9019 may be limited to "the Core Service List".  The Core Service List is defined as: (1) the Office of the United States Trustee; (2) those parties served by the Court via Notice of Electronic Filing (NEF); (3) those parties filing request for special notice with the Clerk of the Court; (4) those parties directly affected by the proposed action; (5) all secured creditors; (6) all members of any committee of creditors appointed in the case and their counsel, or if no committee has been appointed, Debtor's twenty largest unsecured creditors.

**II.**

**STATEMENT OF FACTS**

This Chapter 11 case was filed by voluntary petition on February 24, 2022 ("Petition Date"). Debtor continues to act as debtor-in-possession. Debtor filed its schedules identifying about 730 creditors including an estimated 500 employees.

Debtor manufactures, packages and distributes food products to school districts, residential care facilities and other customers in California and Nevada.  The products are manufactured in Los Angeles County, California at Debtor's primary headquarters in the City of Commerce and then distributed through several warehouses.

### III.

### **MEMORANDUM OF POINTS AND AUTHORITIES**

**A.    The Court May Limit Notice**

Rule 2002(m) of the Federal Rules of Bankruptcy Procedures ("FRBP") authorizes the Court to designate the "form and manner" of notices except as otherwise provided in the FRBP.

**B.    An Order Limiting Notices is Appropriate**

Due to the large number of those entitled to notice, the estate will incur substantial administrative costs if notice is not limited. Serving everyone with everything would be a waste of resources, time and estate assets.

One of Debtor's first motions will be a motion to pay priority payroll claims.  If granted, this will reduce the creditor pool by approximately 500, though some highly compensated individuals (mostly insiders) also have general unsecured claims due to claims in excess of the priority dollar limit.  No purpose would be served by having to serve priority creditors with further notices of the type included in this motion after their claims have been paid in full.

Even if those creditors are eliminated, the estate would continue to have approximately 200-250 creditors holding unsecured claims with claim amounts ranging from $574,998.80 to as little as $556.95.  The top 20 creditors all have claims in excess of $115,000.  The expense associated with giving first class mail notice of a 20 page motion to a group of 250 is estimated to be approximately $450.  A notice by Fedex or similar service would be closer to approximately $7,500.  Even the former at $450 is substantial give the number of notices which may be likely in this

case, not to mention the wear and tear on counsel's staff.

Debtor proposes that notices of the types of matters arising under the following Bankruptcy Rules and Code sections be limited to those on the Core Service List:

| | |
|---|---|
| Rule 2002(a)(2): | Motions to use, sale or lease property of the estate not in the ordinary course of business; |
| Rule 2002(a)(3): | Motions to approve a compromise or settle a controversy under Rule 9019; |
| Rule 2002(a)(5): | Motions to fix time to accept or reject a proposed plan modification; |
| Rule 2002(a)(6): | Applications for professional compensation or reimbursement of expenses; |
| Rule 2002(a)(7): | A motion to re-set the claims filing deadline (notice of the new deadline would, of course, be sent to all creditors); |
| Rule 4001: | Motions to use, sell or lease property of the estate including the use of cash collateral, motions to incur debt; |
| Rule 6007: | Motions to abandon or dispose of property; |
| Rule 9023 or 9024: | Motions to reconsider Orders relating to a subject referenced on this list; and |
| §1121(d) | Motions to extend exclusivity. |

It is likely that many or all of these issues will arise at some point during the case, but those issues are unlikely to directly affect general unsecured creditors.

Those who wish to continue receiving all notices affecting this case may request the same, either by mail, by e-mail to Debtor's counsel at the address which appears on the first page of this motion, or by filing a appropriate request with the Court.

Based on the foregoing, Debtor believes that notice to those on the Core Service List is adequate and sufficient to inform interested and potentially affected parties or any proposed action

and any hearing to be held thereon.

C. **Notice of Certain Matters Will Not be Limited**

Debtor does not seek to limit notice of certain procedures including those identified in:

| | |
|---|---|
| Rule 2002(a)(4): | Motions to dismiss, convert the case or appoint a trustee |
| Rule 2002(a)(7): | The deadline to file claims under Rule 3003 |
| Rule 2002(b): | Disclosure Statement and reorganization plan matters |

If this motion is granted, Debtor will serve a copy of any order granting the motion on all known creditors and interest holders. Creditors may then file requests for special notice if they wish to receive notices of each and every proceeding.

## IV.

## CONCLUSION

Based on the foregoing, Debtor respectfully request that this Court enter and order limiting notice for the matters described above to those on the Core Service List

Dated: February 25, 2022

LAW OFFICES OF DAVID A. TILEM

By: _[signature]_
David A. Tilem,
Proposed Attorneys for
Debtor-in-Possession

<u>DECLARATION OF JACQUELINE DUVIVIER</u>

I, Jacqueline Duvivier, states as follows:

1. This statement is based on my personal knowledge. If asked to do so, I could testify to the statements set forth below.

2. I am the day to day operations manager of Better 4 You Breakfast, Inc., the debtor and debtor-in-possession in this Chapter 11 case ("B4YB").

3. I am familiar with the day to day financial operations of B4YB including cash flow management, receivables, payables and outstanding obligations.

4. This case was filed by voluntary petition on February 24, 2022.

5. The bankruptcy schedules identifying about 730 creditors including an estimated 500 employees.

6. B4YB manufactures, packages and distributes food products to school districts, residential care facilities and other customers in California and Nevada. The products are manufactured in Los Angeles County, California at B4YB's primary headquarters in the City of Commerce and then distributed through several warehouses.

7. By this motion, BY4B seeks to limit the expense related to giving notice to 730 creditors.

I declare, under penalty of perjury, that the foregoing is true and correct under the laws of the State of California. This statement was signed by me on February __, 2022 at City of Commerce, California.

*/s/ Jacqueline Duvivier*
JACQUELINE DUVIVIER

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
206 N. Jackson St. Ste. 201, Glendale, CA, 91206

A true and correct copy of the foregoing document entitled (*specify*): **MOTION ON SHORT NOTICE FOR ORDER LIMITING NOTICE; MEMORANDUM OF POINTS AUTHORITIES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **2/28/2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Eryk R Escobar**    eryk.r.escobar@usdoj.gov
- **Mark D Hurwitz**    mhurwitz@lsl-la.com, dsmall@lsl-la.com,narutunyan@lsl-la.com
- **David A Tilem**    davidtilem@tilemlaw.com, DavidTilem@ecf.inforuptcy.com;joanfidelson@tilemlaw.com;JoanFidelson@ecf.inforuptcy.com;TilemDR69450@notify.bestcase.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Larry D Webb**    Webblaw@gmail.com, larry@webblaw.onmicrosoft.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| **2/28/2022** | **Joan J. Fidelson** | /s/ Joan J. Fidelson |
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                      **F 9013-3.1.PROOF.SERVICE**