Daren R. Brinkman (SBN 158698)
**BRINKMAN LAW GROUP, PC**
543 Country Club Drive, Suite B
Wood Ranch, CA 93065
Telephone: (818) 597-2992
Facsimile: (818) 597-2998
firm@brinkmanlaw.com

*Counsel for the Committee of*
*Creditors Holding Unsecured Claims*

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Case No. 2:22-bk-10994-BB |
| **BETTER 4 YOU BREAKFAST, INC.,** | Chapter 11 |
| Debtor. | **MOTION TO COMPEL PURCHASER TO PERFORM TERMS OF ASSET PURCHASE AGREEMENT AND PAY ITS ASSUMED TRADE PAYABLES** |
| | **Hearing:** |
| | Date: December 7, 2022 |
| | Time: 10:00 a.m. |
| | Courtroom: 1539 |
| | 255 East Temple Street |
| | Los Angeles, CA 90012 |
| | Zoom Meeting: 161 6109 0855 |
| | Zoom Password: 148508 |

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE SHERI BLUEBOND, THE UNITED STATES TRUSTEE, AND ALL PARTIES IN INTEREST:**

1   COMES NOW the Committee of Creditors Holding Unsecured Claims ("Committee") of

2   Better 4 You Breakfast, Inc. ("Debtor") in the above-captioned case to hereby move this

3   honorable Court to compel Revolution Foods, LLC ("Purchaser") to pay the unsecured creditors'

4   claims that were included in the Assumed Liabilities of the Asset Purchase Agreement.

**MOTION SUMMARY**

Through this motion, the Committee seeks an order compelling Purchaser to pay unsecured creditors on the grounds that:

1. This Court retains jurisdiction over the APA (as defined below) by its own terms;
2. The APA assigns the obligations to pay most if not all general unsecured claims to the Purchaser. General Unsecured Claim holders therefore have standing to enforce the APA as intended third party creditor beneficiaries under Cal. Civ. Code § 1559;
3. Holders of General Unsecured Claims are entitled to interest on those claims in accordance with the trade terms specified in their prior agreements with Debtor.

**JURISDICTION AND VENUE**

The U.S. Bankruptcy Court for the Central District of California ("Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The APA (defined below) gives this Court "exclusive jurisdiction to resolve any controversy or claim arising out of or relating to this Agreement or the implementation or breach [t]hereof." [1] Sale Notice, p. 75 (APA p. 65, Section 9.8).

**BACKGROUND AND RELEVANT FACTS**

On May 10, 2022 Debtor filed its *Motion to Approve Bid Procedures for the Sale of Substantially All of the Debtor's Assets; (B) Approving Procedures for the Assumption and*

---

[1] "The parties agree that the Bankruptcy Court shall retain exclusive jurisdiction to resolve any controversy or claim arising out of or relating to this Agreement or the implementation or breach hereof provided, that the parties agree that the federal and state courts located in the Central District of California shall have exclusive jurisdiction to resolve any controversy or claim arising out of or relating to this Agreement or the implementation or breach hereof if the Bankruptcy Court shall lack jurisdiction under applicable Law." Sale Notice, p. 75 (APA p. 65, Section 9.8).

*Assignment of Executory Contracts and Unexpired Leases; (C) Approving Certain Bid Protections in Connection with the Debtor's Entry into a Potential Stalking Horse Agreement; (D) Scheduling the Auction and Sale Hearing; (E) Approving the Form and Manner of Notice Thereof; and (F) Granting Related Relief* [Doc. 233] ("Sale Motion") requesting, among other things, that the Court enter an order, "approving the Sale of the Assets to the Successful Bidder, free and clear of all liens, claims, encumbrances and other interests, subject to the bidding/auction process proposed by the Debtor." Sale Motion, p. 3:4-6. An order granting the Sale Motion was granted on May 23, 2022 [Doc. 278].

On June 17, 2022 Debtor filed a *Notice of Cancellation of Auction and Designation of Successful Bid* [Doc. 353] ("Sale Notice") with *Asset Purchase Agreement by and Between Better 4 You Breakfast, Inc. as Seller and Revolution Foods, PBC as Purchaser* attached thereto as Exhibit 1 ("APA").

On June 27, 2022 the Court entered its *Order Approving Motion for Entry of an Order: (A) Approving Asset Purchase Agreement, (B) Authorizing the Sale of All or Substantially All of the Debtor's Assets Free and Clear of All Encumbrances and (C) Granting Related Relief* [Doc. 399] ("Sale Order"), ordering that "[t]he Asset Purchase Agreement and the other Transaction Documents, and all of the terms and conditions thereof, are hereby approved as set forth herein." Sale Order, p. 13, "General Provisions," ¶ 2.

"Asset Purchase Agreement" is defined in the Sale Order as "that certain Asset Purchase Agreement, dated as of June 17, 2022 by and between Revolutions Foods PBC (the "Purchaser") and the Debtor (in substantially the form attached as Exhibit 1 to the Notice of Cancellation of Auction and Designation of Successful Bidder [Dkt. No. 353], and as it may be amended, modified, or supplemented in accordance with the terms hereof and thereof…" Sales Order, p.

2:8-12. The sale contemplated in the APA was completed on July 20, 2022. Doc. 598, p. 5.

## I.  A Large Portion of Unsecured Creditors Still Have Not Been Paid by the Purchaser.

Almost 4 months have passed since the completion of the sale. However, to date, only two of the five Committee members have received payment from the Purchaser on their claims. On information and belief, several unsecured creditors of the Debtor whose claims qualify as Assumed Trade Payables have not been paid, not been paid in accordance with their respective terms, or have received offers from the Purchaser to pay a lesser amount than they are owed.

## ARGUMENT

The APA assigned Debtor's obligations to pay the unsecured creditors' claims included in the definition of "Assumed Trade Payables" to the Purchaser. To date, the Purchaser has paid some claims and not others, while at the same time trying to negotiate with some unsecured creditors to accept an amount less than what they are owed. (See attached *Declaration of Andrew Bergen* and *Declaration of Michael Levine*). The Committee brings this motion to compel Purchaser to pay unsecured creditors' claims included in the Assumed Liabilities of the APA, as provided for in the agreement, with interest.

## I.  This Court Retains Jursidiction Over the APA by Its Own Terms.

The Court is empowered to protect unsecured creditors as against the Purchaser under the APA and state law. The APA by its terms gives this Court jurisdiction over controversies or claims arising out of or related to it. (See *Supra*, statement on Jurisdiction and Venue). The APA also provides that "[t]o the extent not governed by the Bankruptcy Code, this Agreement shall be governed by and construed in accordance with the laws of the State of California, without giving effect to the rules governing the conflict of laws." APA, p. 65 Section 9.9 "Governing Law".

**II.     General Unsecured Creditors Are Intended Third Party Creditor Beneficiaries to the APA.**

A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it. *Cal. Civ. Code § 1559*. Neither the Debtor nor Purchaser have rescinded the APA and therefore Cal. Civ. Code § 1559 applies.

"The test for determining whether a contract was made for the benefit of a third person is whether an intent to benefit a third person appears from the terms of the contract. If the terms of the contract necessarily require the promisor to confer a benefit on a third person, then the contract, and hence the parties thereto, contemplate a benefit to the third person." *Souza v. Westlands Water Dist.*, 135 Cal. App. 4th 879, 891, 38 Cal. Rptr. 3d 78, 88 (2006) (quoting *Prouty v. Gores Technology Group*, 121 Cal.App.4th at p. 1232). "A third party can be considered a third party beneficiary as either a creditor beneficiary or a donee beneficiary… 'A creditor beneficiary is a party to whom a promisee owes a preexisting duty which the promisee intends to discharge by means of a promisor's performance.'" (Id. at p. 1200.) *Epitech, Inc. v. Kann*, 204 Cal. App. 4th 1365, 1372, 139 Cal. Rptr. 3d 702, 707-08 (2012) (quoting Lake Almanor Associates L.P. v. Huffman-Broadway Group, Inc. (2009) 178 Cal.App.4th 1194, 1199 [101 Cal. Rptr. 3d 71]).

"It is not necessary that the beneficiary be named and identified as an individual; a third party may enforce a contract if he can show he is a member of a class for whose benefit it was made." *Prouty v. Gores Tech. Grp.*, 121 Cal. App. 4th 1225, 1232, 18 Cal. Rptr. 3d 178, 183-84 (2004). "The promise by the promisor is treated as having been made directly to the third party beneficiary." *G & P Elec. Co. v. Dumont Constr. Co.*, 194 Cal. App. 2d 868, 878 (1961) (citing *J. F. Hall-Martin Co. v. Hughes*, 18 Cal.App. 513 [123 P. 617]).

Here, the 'promisee,' or Debtor, owed a preexisting duty to its trade creditors, which it assigned to the 'promissor,' or Purchaser. Section 2.3 of the APA[2] states that "Purchaser shall assume and shall timely perform and discharge in accordance with their respective terms… (e) all Liabilities with respect to Assumed Trade Payables." Sale Notice, p. 29 (APA p. 19). The APA defines "Liability" to include "any and all obligations, liabilities, debts and commitments, whether known or unknown, asserted or unasserted, fixed, absolute or contingent, matured or unmatured, accrued or unaccrued, liquidated or unliquidated, due or to become due, whenever or however arising (including whether arising out of any contract or tort based on negligence, strict liability, or otherwise) and whether or not the same would be required by GAAP to be reflected as a liability in financial statements or disclosed in the notes thereto." Sale Notice, p. 20 (APA p. 10). The APA defines "Assumed Trade Payables" to mean "current bona fide trade payables of Seller arising and incurred in the ordinary course of Business in respect of goods received or to be received and services rendered or to be rendered."[3] Sale Notice, p. 13 (APA p. 3).

Therefore, those businesses to whom the Debtor owed "Assumed Trade Payables" are intended creditor beneficiaries of the APA. The accounts that formed the basis of many unsecured creditors' claims against the Debtor were included in the definition of "Assumed Trade Payables" and the responsibility to pay those claims were transferred to the Purchaser by

---

[2] "'Assumed Liabilities' has the meaning assigned to that term in Section 2.3." Sale Notice, p. 13 (APA p. 3).

[3] "'Business' has the meaning assigned to that term in the Preamble." Sale Notice, p. 14 (APA p. 4). "WHEREAS, Seller is in the business of preparing, packaging and delivering hot and cold meals to charter schools, nursing homes and board and care facilities in Los Angeles, San Francisco, and Las Vegas, and Seller's wholly-owned Subsidiaries (defined below) are in the business of distributing bread and tortilla products to school districts and restaurants and manufacturing and packaging private label snack foods (the business of Seller and the Subsidiaries, as currently conducted on the date hereof, collectively constitute the 'Business')." Sale Notice, p. 11 (APA p. 1).

1 | the terms of the APA. Yet, only some of these claims have been paid to date, and, on information
2 | and belief, several unsecured creditors have been approached with offers to pay less than what is
3 | owed to them. (See attached *Declaration of Andrew Bergen* and *Declaration of Michael Levine*).
4 | **III.    General Unsecured Creditors Are Entitled to Default Interest on Their Claims.**
5 | The Debtor assigned its duty to pay "Assumed Trade Payables" to the Purchaser through
6 | the APA. However, the Purchaser is not in bankruptcy proceedings, and the APA did not assign
7 | "claims" against the Debtor to the Purchaser. Therefore, the Purchaser should be liable to pay the
8 | "Assumed Trade Payables" on the same terms as the Debtor would have if it never filed for
9 | bankruptcy. Alternatively, if the sale had never taken place and the claims were paid within the
10 | bankruptcy context, the unsecured claims would still be entitled to interest, because the creditors
11 | of a solvent estate are entitled to post-petition interest on their claims. "[C]reditors of a solvent
12 | debtor… enjoy an equitable right to contractual or state law default post-petition interest before
13 | allocation of surplus value from a bankruptcy estate." *Ad Hoc Comm. of Holders of Trade*
14 | *Claims v. PG&E (In re PG&E Corp.)*, 46 F.4th 1047, 1064 (9th Cir. 2022)  (See also *Keystone*
15 | *Gas Gathering, L.L.C. v. Ad Hoc Comm. (In re Ultra Petroleum Corp.)*, 943 F.3d 758, 765 (5th
16 | Cir. 2019). "[A]bsent compelling equitable considerations, when a debtor is solvent, it is the role
17 | of the bankruptcy court to enforce the creditors' contractual rights." *Official Comm. of*
18 | *Unsecured Creditors v. Dow Chem. Corp. (In re Dow Corning* Corp.), 456 F.3d 668, 679 (6th
19 | Cir. 2006).
20 | The court in  *In re PG&E* reversed a decision limiting postpetition interest against a
21 | solvent debtor to the federal judgment interest rate and concluded that without 'compelling
22 | equitable considerations' to the contrary, the interest rate used to calculate the value of the claims
23 | should be the contractual default interest rate or state law default interest rate. *In re PG&E*

*Corp.)*, 46 F.4th 1047, 1064. Under California law, "[i]nterest accrues at the rate of 10 percent per annum on the principal amount of a money judgment remaining unsatisfied." Cal. Civ. P. § 685.010(a). Whether the "Assumed Trade Payables" are paid in or out of the bankruptcy context, General Unsecured Creditors are entitled to interest on their claims according to the terms of their prior agreements with the Debtor.

## CONCLUSION

WHEREFORE, the Committee hereby moves this honorable court to compel the Purchaser to perform according to the terms of the Asset Purchase Agreement by paying the unsecured creditors of the Debtor their full claims, with interest.

Respectfully submitted this 9th day of November 2022.

*s/ Daren Brinkman*
Daren R. Brinkman (SBN 158698)
**BRINKMAN LAW GROUP, PC**
543 Country Club Drive, Suite B
Wood Ranch, CA 93065
Telephone: (818) 597-2992
Facsimile: (818) 597-2998
firm@brinkmanlaw.com

*Counsel for the Committee of
Creditors Holding Unsecured Claims*

Daren R. Brinkman (State Bar No. 158698)
BRINKMAN LAW GROUP, PC
543 Country Club Drive, Suite B
Wood Ranch, CA 93065
Telephone: (818) 597-2992
Facsimile: (818) 597-2998
firm@brinkmanlaw.com

*Counsel for the Committee of*
*Creditors Holding Unsecured Claims*

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>**BETTER 4 YOU BREAKFAST, INC.**,<br><br>Debtor. | Case No. 2:22-bk-10994-BB<br><br>Chapter 11<br><br>**DECLARATION OF ANDREW BERGEN IN SUPPORT OF MOTION TO COMPEL PURCHASER TO PERFORM TERMS OF ASSET PURCHASE AGREEMENT AND PAY ITS ASSUMED TRADE PAYABLES**<br><br>**Hearing**:<br>Date: December 7, 2022<br>Time: 10:00 a.m.<br>Courtroom: 1539<br><br>255 East Temple Street<br>Los Angeles, CA 90012<br><br>Zoom Meeting: 161 6109 0855<br>Zoom Password: 148508 |

My name is Andrew Bergen, I am over the age of eighteen, of sound mind, and have personal knowledge of the facts stated in this declaration:

1. I am the CEO & President of Spectra 360, Inc. ("Spectra"), a creditor in the above captioned bankruptcy case of Better 4 You Breakfast, Inc.

2.	Spectra is on the Committee of Creditors Holding Unsecured Claims ("Committee").

3.	Spectra filed Claim No. 33-1 on April 12, 2022 for the unsecured amount of $79,438.51 ("Claim").

4.	I have been advised by Committee counsel that that the Asset Purchase Agreement ("APA") entered into between Better 4 You Breakfast, Inc. ("B4YB" or "Debtor" or "Seller"), the Debtor and debtor-in-possession in the above-captioned case, and Revolution Foods, PBC ("RevFoods" or "Purchaser") passed the responsibility of paying my Claim to the Purchaser.

5.	I was further advised that the sale of the Debtor's assets to the Purchaser under the terms of the APA was completed on July 20, 2022 ("Closing Date").

6.	I have not received payment or promise of future payment from the Purchaser since the Closing Date.

7.	Instead, I have only received offers from the Purchaser and certain other claims traders to accept a lesser amount than my Claim in full satisfaction thereof.

8.	I see no reason why I should accept a lower amount than the amount of my Claim to satisfy my Claim.

9.	I further see reason that interest on the delinquent account which was the basis of my Claim should continue to accrue as normal under the previously negotiated pre-petition terms of trade between Spectra and the Debtor, which now should be paid by the Purchaser.

10.	I feel that the offers to pay a lesser amount that I received from the Purchaser were made in bad faith after they had already negotiated the terms of the APA with the Debtor to include the assumption of the Debtor's responsibility to pay my Claim.

11. I have further spoken with other creditors of the Debtor whose claims were assumed by the Purchaser under the APA who continue to find themselves in the same situation.

12. I could and would testify to the contents of this declaration in court if necessary

I declare under penalty of perjury that the foregoing is true and correct.

Executed this  3rd   day of November 2022 at  San Francisco            , California.

Andrew Bergen
CEO & President
Spectra 360, Inc.
33 Arch Street
Boston, MA 02110

Daren R. Brinkman (State Bar No. 158698)
BRINKMAN LAW GROUP, PC
543 Country Club Drive, Suite B
Wood Ranch, CA 93065
Telephone: (818) 597-2992
Facsimile: (818) 597-2998
firm@brinkmanlaw.com

*Counsel for the Committee of*
*Creditors Holding Unsecured Claims*

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>**BETTER 4 YOU BREAKFAST, INC.**,<br><br>Debtor. | Case No. 2:22-bk-10994-BB<br><br>Chapter 11<br><br>**DECLARATION OF MICHAEL LEVINE IN SUPPORT OF MOTION TO COMPEL PURCHASER TO PERFORM TERMS OF ASSET PURCHASE AGREEMENT AND PAY ITS ASSUMED TRADE PAYABLES**<br><br>**Hearing**:<br>Date: December 7, 2022<br>Time: 10:00 a.m.<br>Courtroom: 1539<br><br>255 East Temple Street<br>Los Angeles, CA 90012<br><br>Zoom Meeting: 161 6109 0855<br>Zoom Password: 148508 |

I, Michael Levine, am over the age of eighteen, of sound mind, and have personal knowledge of the facts stated in this declaration:

1. I am the Managing Partner and Chief Executive Officer of Global Food Solutions, Inc., an unsecured creditor in the above-captioned case and member of the Committee of Creditors Holding Unsecured Claims ("Committee"), of which I am the Chair.

2.	Global Food Solutions, Inc. filed Claim No. 42-1 on April 22, 2022 for the unsecured amount of $224,257.65, amended on June 17, 2022 as Claim No. 42-2 for the same amount ("Claim").

3.	I have been advised by Committee counsel that that the Asset Purchase Agreement ("APA") entered into between Better 4 You Breakfast, Inc. ("B4YB" or "Debtor" or "Seller"), the Debtor and debtor-in-possession in the above-captioned case, and Revolution Foods, PBC ("RevFoods" or "Purchaser") passed the responsibility of paying my Claim to the Purchaser.

4.	I was further advised that the sale of the Debtor's assets to the Purchaser under the terms of the APA was completed on July 20, 2022 ("Closing Date").

5.	I have received payment on the face value of my Claim, but no interest.

6.	The Purchaser has not offered to pay interest on the delinquent account underlying my Claim.

7.	I believe that the delinquent account which was the basis of my Claim should continue to accrue default interest as it would have between Global Food Solutions, Inc. and the Debtor, and that the Purchaser now bares the responsibility to pay it.

8.	I could and would testify to the contents of this declaration in court if necessary. I declare under penalty of perjury that the foregoing is true and correct.

Executed this  9th  day of November 2022 at   159 Adams Avenue  , New York.

*Michael Levine*
Michael S. Levine
CEO, Global Food Solutions, Inc.
159 Adams Ave.
Hauppauge, NY 11788

**APPROVED**
By Michael Levine at 2:06 pm, Nov 09, 2022

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

515 Madison Ave., 9th Fl.
New York, NY 10022

A true and correct copy of the foregoing document entitled (*specify*): MOTION TO COMPEL PURCHASER TO PERFORM TERMS OF ASSET PURCHASE AGREEMENT AND PAY ITS ASSUMED TRADE PAYABLES
_____
_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 11/09/2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

   See attached.

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 11/09/2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

   See attached.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/09/2022 | Jory Cook | | *Jory Cook* |
|---|---|---|---|
| Date | Printed Name | Signature | |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*          F 9013-3.1.PROOF.SERVICE

**Electronic Mail Notice List**

The following is the list of parties who are currently on the list to receive email notice/service for this case:

| | |
|---|---|
| **Shraddha Bharatia** | notices@becket-lee.com |
| **Mason S Byrd** | sbyrd@mckoolsmithhennigan.com; LMorrin@mckoolsmithhennigan.com; storm-byrd-1750@ecf.pacerpro.com |
| **Michael G D'Alba** | mdalba@DanningGill.com; DanningGill@gmail.com; mdalba@ecf.inoruptcy.com |
| **Eryk R Escobar** | eryk.r.escobar@usdoj.gov |
| **Oscar Estrada** | oestrada@ttc.lacounty.gov |
| **Michael S Greger** | mgreger@allenmatkins.com; kpreston@allenmatkins.com |
| **Mark D Hurwitz** | mhurwitz@lsl-la.com; dsmall@lsl-la.com,narutunyan@lsl-la.com |
| **Ori Katz** | okatz@sheppardmullin.com; lsegura@sheppardmullin.com |
| **Gerald P Kennedy** | gerald.kennedy@procopio.com; kristina.terlaga@procopio.com;calendaring@procopio.com; efile-bank@procopio.com |
| **Raffi Khatchadourian** | raffi@hemar-rousso.com |
| **Nicholas A Koffroth** | nkoffroth@foxrothschild.com, khoang@foxrothschild.com |
| **David S Kupetz** | David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com |
| **Peter W Lianides** | plianides@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com |
| **Kerri A Lyman** | klyman@steptoe.com; FirmPSDocketing@Steptoe.com; nmorneault@Steptoe.com; mhernandez@steptoe.com; aodonnell@steptoe.com |
| **Alan I Nahmias** | anahmias@mbn.law, jdale@mbnlawyers.com |
| **Jeffrey M. Reisner** | jreisner@steptoe.com; FirmPSDocketing@Steptoe.com; klyman@steptoe.com; nmorneault@Steptoe.com |
| **Mark Romeo** | romeolaw@msn.com |
| **Anthony J Rothman** | anthony@arothmanlaw.com |
| **Najah J Shariff** | najah.shariff@usdoj.gov, USACAC.criminal@usdoj.gov |
| **Zev Shechtman** | zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inoruptcy.com |
| **Nancy R Thomas** | nthomas@mofo.com, nancy-thomas-4464@ecf.pacerpro.com |
| **David A Tilem** | davidtilem@tilemlaw.com; DavidTilem@ecf.inoruptcy.com; joanfidelson@tilemlaw.com; JoanFidelson@ecf.inoruptcy.com; TilemDR69450@notify.bestcase.com |
| **United States Trustee (LA)** | ustpregion16.la.ecf@usdoj.gov |
| **Brett D Watson** | bwatson@cozen.com, daynasmith@cozen.com |
| **Larry D Webb** | Webblaw@gmail.com, larry@webblaw.onmicrosoft.com |

## Manual Notice List

I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows:

**Aetna Life Insurance Company and Affiliated Entities**
c/o Payam Khodadadi, Esq.
MCGUIREWOODS LLP
1800 Century Park East, 8th Floor
Los Angeles, CA 90067

**Argo Partners**
12 West 37th Street, 9th Floor
New York, NY 10018

**Armory Consulting Co.**
3943 Irvine Blvd., #253
Suite 1150
Irvine, CA 92602

**Banner Fruit Company**
Attn: Kevin Sommerfeld
PO Box 2971
South San Francisco, CA 94083

**Pauline McTernan**
Otterbourg, P.C.
230 Park Ave
New York, NY 10169

**Danielle Montero**
Lavi & Ebrahimian, LLP
8889 W. Olympic Blvd. Ste. 200
Beverly Hills, CA 90211

**Nancy Thomas**
Morrison Foerster LLP
707 Wilshire Blvd
Los Angeles, CA 90017