Nancy R. Thomas (CA SBN 236185)
NThomas@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: 213.892.5200
Facsimile: 213.892.5454

Benjamin W. Butterfield (admitted *pro hac vice*)
BButterfield@mofo.com
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019-9601
Telephone: 212.468.8000
Facsimile: 212.468.7900

*Attorneys for Revolution Foods, PBC*

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re | Case No. 2:22-bk-10994-BB |
| BETTER 4 YOU BREAKFAST, INC., | Chapter 11 Case |
| Debtor. | **OBJECTION OF PURCHASER TO COMMITTEE'S MOTION TO COMPEL PURCHASER TO PERFORM TERMS OF ASSET PURCHASE AGREEMENT AND PAY ITS ASSUMED TRADE PAYABLES**<br><br>**Hearing:**<br>Date: December 7, 2022<br>Time: 10:00 a.m.<br>Courtroom: 1539<br><br>255 East Temple Street<br>Los Angeles, CA 90012<br><br>Zoom Meeting: 161 6109 0855<br>Zoom Password: 148508 |

NY-2479658

Revolution Foods, PBC ("Purchaser"), by and through its undersigned counsel, hereby submits this objection to the *Motion to Compel Purchaser to Perform Terms of Asset Purchase Agreement and Pay Its Assumed Trade Payables* [Docket No. 613] (the "Motion")[1] filed by the Official Committee of Unsecured Creditors (the "Committee"), refers to certain documents set forth in the record of the above-captioned bankruptcy case, including that certain Asset Purchase Agreement, dated as of June 17, 2022, by and between Purchaser and Better 4 You Breakfast, Inc. (the "Debtor") in substantially the form attached as Exhibit 1 to the *Notice of Cancellation of Auction and Designation of Successful Bidder* [Docket No. 353] (as amended, the "APA"), and respectfully states as follows:

## PRELIMINARY STATEMENT

The Committee's Motion should be denied for several reasons. *First*, the Committee lacks standing to assert breach of contract claims on behalf of individual creditors. *Second*, the Motion is procedurally improper, because claims for breach of contract must be asserted through an adversary proceeding, not a contested matter. *Third*, the Committee's Motion lacks an evidentiary basis to the extent it alleges claims for breach of contract on behalf of parties other than the declarants, because the statements made regarding such breaches are hearsay and inadmissible. *Fourth*, the breach of contract claims relating to default interest fail, because the Purchaser has no obligation to pay default interest under the APA. *Fifth*, the Purchaser's settlement offers with respect to disputed claims do not constitute breaches of contract. Moreover, the joinder filed yesterday by PSIF Smithway, L.P. [Docket No. 621] (the "PSIF Joinder") should be denied because, among other things, it is procedurally improper.

## LEGAL ARGUMENT

**A.     The Committee Lacks Standing**

As an initial matter, the Committee lacks standing to assert breach of contract claims

---

[1]     Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

2

NY-2479658

against the Purchaser on behalf of individual trade creditors. The Motion should be overruled on that ground alone.

The responsibilities of a creditors' committee are enumerated in section 1103(c) of the Bankruptcy Code. A creditors' committee may:

(1) "[C]onsult with the trustee or debtor in possession concerning the administration of the case;

(2) [I]nvestigate the acts, conduct, assets, liabilities, and financial condition of the debtor, the operation of the debtor's business and the desirability of the continuance of such business, and any other matter relevant to the case or to the formulation of a plan;

(3) [P]articipate in the formulation of a plan, advise those represented by such committee of such committee's determination as to any plan formulated, and collect and file with the court acceptances or rejections of a plan;

(4) [R]equest the appointment of a trustee or examiner under section 1104 of this title; and

(5) [P]erform such other services as are in the interest of those represented."

11 U.S.C. § 1103(c).

This Court has recently held that an unsecured creditors' committee "lacks standing to assert rights on behalf of specific creditors in their individual capacity." *In re Bonert*, 619 B.R. 248, 254 (Bankr. C.D. Cal. 2020) (Robles, J.). In that case, the Court considered a committee's opposition to the debtors' motion to amend their petition to elect treatment under subchapter V of the Bankruptcy Code. Since the committee would likely be disbanded in a subchapter V proceeding, the committee opposed the motion. Among other things, the committee argued that the debtors' motion was prejudicial, because the committee had already expended significant resources opposing numerous claim objections filed by the debtors. *See id*.

The Court overruled the *Bonert* committee's objection. In so doing, the Court observed that the committee's opposition to the debtors' claim objections "was not in the interests of the

3

NY-2479658

creditor body as a whole" and said the committee was "not fulfilling its primary responsibility to represent the interests of all its members." *See id*. at 255. The Court explained that the committee's counsel "do not represent any individual creditor's interest in a case; they were retained to represent the entire class." *See id*. (internal citations omitted). The Court ultimately concluded the committee's advocacy was "not appropriate." *See id*. at 255.

Other bankruptcy courts have reached the same conclusion. "[I]t is well-settled that a Creditors Committee owes a fiduciary duty to the unsecured creditors as a whole, not to the individual members." *In re G-I Holdings, Inc*., 2008 WL 11513187 (D.N.J. 2008) (internal citations omitted). "[C]aselaw makes clear that duties of committees and their members run to their own constituencies, and not to the estate as a whole, or, indeed, to individual creditors even if they might be members of that constituency." *In re Motors Liquidation Co*., 541 B.R. 104, 135 n. 86 (Bankr. S.D.N.Y. 2015). "The Committee and its members owed a fiduciary duty to the class they represented, but not to the individual creditors within the class or to the estate." *In re Rickel & Assocs., Inc*., 272 B.R. 74, 99 (Bankr. S.D.N.Y. 2002).

The Committee lacks standing to enforce the APA, because the relief sought provides no benefit to unsecured creditors as a whole. The Committee asserts that the Purchaser is in breach of its contractual obligations to two identified creditors: Global Food Solutions, Inc., the Committee's chairperson, and Spectra 360, Inc., a member of the Committee. The Committee has no standing to assert claims on behalf of individual creditors (or Committee members) and, in so doing, exceeds its statutory authority. The Committee also asserts claims on behalf of "several" other unidentified creditors. Those claims suffer from the same flaw and, as set forth below, the Committee's factual assertions with respect to those creditors are hearsay. The Motion should be denied on this basis.

**B.     The Motion Is Procedurally Improper**

At its core, the Motion is a procedurally improper attempt to recover damages for breach of contract. By the Motion, the Committee seeks to compel the Purchaser to pay money in satisfaction of purported assumed liabilities under the APA. Such relief is governed by Bankruptcy

4

NY-2479658

Rule 7001(1) and must be sought through an adversary proceeding, not a contested matter. Bankruptcy Rule 7001 provides, in relevant part, that: "[t]he following are adversary proceedings: (1) a proceeding to recover money . . . [and] (9) a proceeding to obtain a declaratory judgment relating to any of the foregoing . . . ." "An action for breach of contract constitutes an adversary proceeding which must be commenced by a summons and complaint because such action is designed to recover money or property within the meaning of Bankruptcy Rule 7001(1)." *In re Harry C. Partridge Jr. & Sons, Inc.*, 43 B.R. 669, 672 (Bankr. S.D.N.Y. 1984); *see also In re Orion Pictures Corp.*, 4 F.3d 1095, 1099 (2d Cir. 1993) ("[A]dversary proceeding issues are not to be decided as part of a [contested matter.]"); *In re G.I. Indus., Inc.*, 204 F.3d 1276, 1282 (9th Cir. 2000) ("*Orion* correctly recognizes that adjudicating [a contractual dispute] would turn a summary proceeding into a full trial on the merits, a result that would be inconsistent with the procedures found in the Bankruptcy Code. Instead, our approach gives effect to the plain language of the Bankruptcy Code and allows a bankruptcy judge to postpone consideration of the [contractual dispute] until a full adversary proceeding can take place. This approach better conforms with the structure of the code.").

Failure to adhere to the requirements of Bankruptcy Rule 7001 entitles the Court to disregard procedurally deficient and ineffective motions. *See In re Harry C. Partridge*, 43 B.R. at 672 (holding that motion for breach of contract was procedurally deficient and ineffective because it constitutes an adversary proceeding pursuant to Bankruptcy Rule 7001(1)). The Motion should be denied on this basis.

**C.     Statements Regarding Other Vendors Constitute Inadmissible Hearsay**

The Committee relies on the declaration of Mr. Andrew Bergen for its assertion that Purchaser is in default of contractual obligations to other trade vendors. In his declaration, Mr. Bergen asserts that he has "spoken with other creditors of the Debtor whose claims were assumed by the Purchaser under the APA who continue to find themselves in the same situation." *See* Bergen Declaration, ¶ 11. Statements regarding the payment of claims held by other vendors are hearsay if testified to by Mr. Bergen at trial. Hearsay is defined as "a statement that: (1) the

5

declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." FED. R. EVID. 801(c).  Unless there is an exception, hearsay is inadmissible in an evidentiary hearing.  *See* FED. R. EVID. 1101(b) (Federal Rules of Evidence apply to "civil cases and proceedings, including bankruptcy, admiralty, and maritime cases.").  Testimony given by Mr. Bergen may or not be a true and accurate representation of what other creditors actually said to Mr. Bergen.  The statements of those creditors to Mr. Bergen, if testified to by Mr. Bergen, are hearsay statements and are not admissible.

### D.    The Breach Of Contract Claims Fail

#### 1.    *Purchaser Has No Obligation To Pay Default Interest*

The Committee's default interest argument fails, because it conflates the Purchaser's assumed liabilities under the APA with the potential obligation of a solvent debtor's estate to pay creditor claims in full with interest.

Under the APA, the Purchaser agreed to assume liability for, among other things, "current bona fide trade payables of the Seller arising in the ordinary course of Business in respect of goods received or to be received and services rendered or to be rendered . . . ." *See* APA §§ 1.1, 2.3.  The APA further provides that all other "accounts payable and other trade payables related to any period prior to the Closing Date" are excluded liabilities and are not assumed by the Purchaser.  *See id.*, § 2.4(i).  Therefore, in order for the Purchaser to have an obligation to pay pre-closing default interest, that obligation must qualify as an Assumed Trade Payable under the APA.

Default interest is not an "Assumed Trade Payable" because it does not arise "in the ordinary course of Business."  The term "ordinary course of Business" is defined in the APA as "the conduct of the Business in accordance with Seller's normal day-to-day customs, practices and procedures and consistent with past practices, but excluding any claims for breach of contract or tort."  *See* APA § 1.1.  Under the California law referenced in the Committee's Motion, the obligation to pay default interest is triggered by breach of contract.  *See* Cal. Civ. Code § 3289(b) (unless a contract states otherwise, a contractual obligation shall bear interest at 10 percent per

6

NY-2479658

annum "after a breach"); *see also In re PG&E Corp.*, 46 F.4th 1047, 1063 (9th Cir. 2022) (citing to Cal. Civ. Code § 3289(b)). Therefore, under the plain text of the APA, the Purchaser has no obligation to pay default interest and, to the extent the Committee seeks payment of such interest, that request should be denied.

In support of its position, the Committee cites to a string of solvent debtor cases which hold, generally speaking, that a solvent estate must pay interest to unsecured creditors before making any distribution to equity. The Purchaser takes no position on that issue. However, if this Court determines that creditors are entitled to default interest in this case, any such interest must be paid by the Debtor's estate, not the Purchaser.

### *2.    The Purchaser's Settlement Offers Are Not Breaches Of Contract*

The Committee incorrectly suggests that the Purchaser is in breach of the APA to the extent it has made settlement offers to resolve disputed claims with trade vendors. As noted above, in order for a vendor's claim to be assumed by the Purchaser under the APA, it must satisfy the definition of an Assumed Trade Payable. *See* APA §§ 1.1, 2.3. The Committee's two declarants have both asserted claims against the Purchaser that include default interest, which is not an Assumed Trade Payable. The Purchaser's attempts to resolve those and other similar disputes through settlement do not constitute breaches of contract.

### E.    **The PSIF Joinder Is Procedurally Improper**

The day before the Purchaser's deadline to object to the Motion, and without any prior notice to the Purchaser's counsel, PSIF Smithway, L.P. filed the PSIF Joinder asserting additional claims against the Purchaser for breach of contract that were not disclosed in the Committee's Motion. The PSIF Joinder is procedurally improper and should be denied because (a) for the reasons noted above, the relief sought therein must be asserted in an adversary proceeding, not a contested matter, (b) it is procedurally improper and highly prejudicial for a joinder to assert new legal theories or claims not disclosed in the underlying motion, and (c) the Purchaser did not receive adequate notice of such claims before its objection deadline with respect to the Motion. The Purchaser reserves all rights with respect to the PSIF Joinder.

7

NY-2479658

## CONCLUSION

**WHEREFORE**, the Purchaser respectfully requests that the Court enter an order denying the Committee's Motion and the PSIF Joinder with prejudice and granting the Purchaser such other and further relief as is just and proper in this case.

DATED:  November 23, 2022

                                        MORRISON & FOERSTER LLP

                                        By: _____
                                              Nancy R. Thomas
                                              Benjamin W. Butterfield
                                              *Attorneys for Revolution Foods, PBC*

NY-2479658

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

707 Wilshire Boulevard
Los Angeles, CA 90017-3543

A true and correct copy of the foregoing document entitled (*specify*): __OBJECTION TO MOTION TO COMPEL__
__PURCHASER TO PERFORM TERMS OF ASSET PURCHASE AGREEMENT AND PAY ITS ASSUMED TRADE__
__PAYABLES__
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) __11/23/2022__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See attached.

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/23/2022 | Nancy R. Thomas | /s/ Nancy R. Thomas |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

**Electronic Mail Notice List**
**Bankruptcy Court for the Central District of California – Los Angeles Division**
**Case No. 2:22-bk-10994-BB**

    The following is the list of parties who are currently on the list to receive email notice/service for this case:

| | |
|---|---|
| **Shraddha Bharatia** | notices@becket-lee.com |
| **Mason S Byrd** | sbyrd@mckoolsmithhennigan.com; LMorrin@mckoolsmithhennigan.com; storm-byrd-1750@ecf.pacerpro.com |
| **Michael G D'Alba** | mdalba@DanningGill.com; DanningGill@gmail.com; mdalba@ecf.inforuptcy.com |
| **Eryk R Escobar** | eryk.r.escobar@usdoj.gov |
| **Oscar Estrada** | oestrada@ttc.lacounty.gov |
| **Michael S Greger** | mgreger@allenmatkins.com; kpreston@allenmatkins.com |
| **Mark D Hurwitz** | mhurwitz@lsl-la.com; dsmall@lsl-la.com; narutunyan@lsl-la.com |
| **Ori Katz** | okatz@sheppardmullin.com; lsegura@sheppardmullin.com |
| **Gerald P Kennedy** | gerald.kennedy@procopio.com; kristina.terlaga@procopio.com; calendaring@procopio.com; efile-bank@procopio.com |
| **Raffi Khatchadourian** | raffi@hemar-rousso.com |
| **Nicholas A Koffroth** | nkoffroth@foxrothschild.com; khoang@foxrothschild.com |
| **David S Kupetz** | David.Kupetz@lockelord.com; mylene.ruiz@lockelord.com |
| **Peter W Lianides** | plianides@wghlawyers.com; jmartinez@wghlawyers.com; svillegas@wghlawyers.com |
| **Kerri A Lyman** | klyman@steptoe.com; FirmPSDocketing@Steptoe.com; nmorneault@Steptoe.com; mhernandez@steptoe.com; aodonnell@steptoe.com |
| **Alan I Nahmias** | anahmias@mbn.law; jdale@mbnlawyers.com |
| **Jeffrey M. Reisner** | jreisner@steptoe.com; FirmPSDocketing@Steptoe.com; klyman@steptoe.com; nmorneault@Steptoe.com |
| **Mark Romeo** | romeolaw@msn.com |
| **Anthony J Rothman** | anthony@arothmanlaw.com |
| **Najah J Shariff** | najah.shariff@usdoj.gov; USACAC.criminal@usdoj.gov |
| **Zev Shechtman** | zshechtman@DanningGill.com; danninggill@gmail.com; zshechtman@ecf.inforuptcy.com |
| **Daren R. Brinkman** | firm@brinkmanlaw.com |
| **David A Tilem** | davidtilem@tilemlaw.com; DavidTilem@ecf.inforuptcy.com; joanfidelson@tilemlaw.com; JoanFidelson@ecf.inforuptcy.com; TilemDR69450@notify.bestcase.com |
| **United States Trustee (LA)** | ustpregion16.la.ecf@usdoj.gov |
| **Brett D Watson** | bwatson@cozen.com; daynasmith@cozen.com |
| **Larry D Webb** | Webblaw@gmail.com; larry@webblaw.onmicrosoft.com |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

425 Market Street
San Francisco, CA 94105-2482

A true and correct copy of the foregoing document entitled (*specify*): OBJECTION TO MOTION TO COMPEL PURCHASER TO PERFORM TERMS OF ASSET PURCHASE AGREEMENT AND PAY ITS ASSUMED TRADE PAYABLES
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) __11/23/2022__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
  See attached.

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/23/2022 | Kristin M. Marttila | *(signature)* |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

**Manual Notice List**
**Bankruptcy Court for the Central District of California – Los Angeles Division**
**Case No. 2:22-bk-10994-BB**

I served the following persons and/or entities at the last known address in this bankruptcy case or adversary proceedings by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows:

**Aetna Life Insurance Company and Affiliated Entities**
c/o Payam Khodadadi, Esq.
MCGUIREWOODS LLP
1800 Century Park East, 8th Floor
Los Angeles, CA 90067

**Argo Partners**
12 West 37th Street, 9th Floor
New York, NY 10018

**Armory Consulting Co.**
3942 Irvine Blvd., #253
Suite 1150
Irvine, CA 92602

**Banner Fruit Company**
Attn: Kevin Sommerfeld
PO BOX 2971
South San Francisco, CA 94083

**Pauline McTernan**
Otterbourg, P.C.
230 Park Ave
New York, NY 10169

**Danielle Montero**
Lavi & Ebrahimian, LLP
8889 W. Olympic Blvd. Ste. 200
Beverly Hills, CA 90211