Daren R. Brinkman (SBN 158698)
**BRINKMAN LAW GROUP, PC**
543 Country Club Drive, Suite B
Wood Ranch, CA 93065
Telephone: (818) 597-2992
Facsimile: (818) 597-2998
firm@brinkmanlaw.com

*Counsel for the Committee of*
*Creditors Holding Unsecured Claims*

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>**BETTER 4 YOU BREAKFAST, INC.,**<br><br>Debtor. | Case No. 2:22-bk-10994-BB<br><br>Chapter 11<br><br>**COMMITTEE OF CREDITORS HOLDING UNSECURED CLAIMS' OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 11 PLAN DATED OCTOBER 17, 2022 [DOC 597]**<br><br><u>Confirmation Hearing</u>:<br>Date:  December 14, 2022<br>Time: 2:00 p.m.<br>Place: Courtroom 1539<br>          255 E. Temple Street<br>          Los Angeles, CA 90012<br><br>Zoom<br>Meeting ID: 161 6109 0855<br>Pass Code:   148508 |

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE SHERI BLUEBOND, THE UNITED STATES TRUSTEE, AND ALL PARTIES IN INTEREST**

1    COMES NOW the Committee of Creditors Holding Unsecured Claims ("<u>Committee</u>") in

2  the above captioned bankruptcy case, No. 2:22-bk-10994-BB ("<u>Case</u>"), of Better 4 You

3  Breakfast, Inc. ("<u>Debtor</u>") to hereby object to the confirmation of the Debtor's *Chapter 11 Plan*

4  *Dated October 17, 2022* [Doc. 597] ("<u>Plan</u>").

## I.  SUMMARY

The Plan is unconfirmable for the following reasons:

1. It has probably been rejected by the only voting class of creditors;
2. It fails the best interest of creditors test because it does not pay unsecured creditors what they would receive under Chapter 7, which would include interest;
3. It was proposed in bad faith to allow the Debtor, Debtor insiders, or the successor to the Debtor's business, Revolution Foods, PBC ("Purchaser"), to offer to pay or purchase claims at a discount while making the payment of unsecured claims unnecessarily contingent upon the resolution of a class action against the Debtor;
4. It was proposed by proponents who have failed to fulfill their fiduciary duties under the Bankruptcy Code by failing to insist that the Purchaser pay its Assumed Trade Payables;
5. It cannot be crammed down because it violates the absolute priority rule.

## II.  BACKGROUND

On May 10, 2022 Debtor filed its *Motion to Approve Bid Procedures for the Sale of Substantially All of the Debtor's Assets; (B) Approving Procedures for the Assumption and Assignment of Executory Contracts and Unexpired Leases; (C) Approving Certain Bid Protections in Connection with the Debtor's Entry into a Potential Stalking Horse Agreement; (D) Scheduling the Auction and Sale Hearing; (E) Approving the Form and Manner of Notice Thereof; and (F) Granting Related Relief* [Doc. 233] ("Sale Motion") requesting, among other things, that the Court enter an order, "approving the Sale of the Assets to the Successful Bidder, free and clear of all liens, claims, encumbrances and other interests, subject to the bidding/auction process proposed by the Debtor." Sale Motion, p. 3:4-6. An order granting the Sale Motion was entered on May 23, 2022 [Doc. 278].

1   On June 17, 2022 Debtor filed a *Notice of Cancellation of Auction and Designation of Successful Bid* [Doc. 353] ("Sale Notice") with the *Asset Purchase Agreement by and Between Better 4 You Breakfast, Inc. as Seller and Revolution Foods, PBC as Purchaser* attached thereto as Exhibit 1 ("APA").

The APA states that "'Assumed Liabilities' has the meaning assigned to that term in Section 2.3." Sale Notice, p. 13 (APA p. 3). The APA defines "Liability" to include "any and all obligations, liabilities, debts and commitments, whether known or unknown, asserted or unasserted, fixed, absolute or contingent, matured or unmatured, accrued or unaccrued, liquidated or unliquidated, due or to become due, whenever or however arising (including whether arising out of any contract or tort based on negligence, strict liability, or otherwise) and whether or not the same would be required by GAAP to be reflected as a liability in financial statements or disclosed in the notes thereto." Sale Notice, p. 20 (APA p. 10). The APA defines "Assumed Trade Payables" to mean "current bona fide trade payables of Seller arising and incurred in the ordinary course of Business in respect of goods received or to be received and services rendered or to be rendered." Sale Notice, p. 13 (APA p. 3).[1]

On June 27, 2022 the Court entered its *Order Approving Motion for Entry of an Order: (A) Approving Asset Purchase Agreement, (B) Authorizing the Sale of All or Substantially All of the Debtor's Assets Free and Clear of All Encumbrances and (C) Granting Related Relief* [Doc.

---

[1] "'Business' has the meaning assigned to that term in the Preamble." Sale Notice, p. 14 (APA p. 4). "WHEREAS, Seller is in the business of preparing, packaging and delivering hot and cold meals to charter schools, nursing homes and board and care facilities in Los Angeles, San Francisco, and Las Vegas, and Seller's wholly-owned Subsidiaries (defined below) are in the business of distributing bread and tortilla products to school districts and restaurants and manufacturing and packaging private label snack foods (the business of Seller and the Subsidiaries, as currently conducted on the date hereof, collectively constitute the 'Business')." Sale Notice, p. 11 (APA p. 1).

1  399] ("Sale Order"), ordering that "[t]he Asset Purchase Agreement and the other Transaction Documents, and all of the terms and conditions thereof, are hereby approved as set forth herein." Sale Order, p. 13, "General Provisions," ¶ 2.

"Asset Purchase Agreement" is defined in the Sale Order as "that certain Asset Purchase Agreement, dated as of June 17, 2022 by and between Revolutions Foods PBC (the "Purchaser") and the Debtor (in substantially the form attached as Exhibit 1 to the Notice of Cancellation of Auction and Designation of Successful Bidder [Dkt. No. 353], and as it may be amended, modified, or supplemented in accordance with the terms hereof and thereof…" Sales Order, p. 2:8-12.

The sale contemplated in the APA was completed on July 20, 2022. Doc. 598, p. 5.

On October 17, 2022, Debtor filed the Plan and *Chapter 11 Disclosure Statement Dated October 17, 2022* [Doc. 598] ("Disclosure Statement"). A hearing on confirmation of the Plan is currently scheduled for December 14, 2022 at 2:00 p.m.

### III.   ARGUMENT

#### A. The Only Voting Class of Creditors Has Likely Voted to Reject the Plan

The court shall confirm a plan only if, with respect to each class of claims or interests, such class has accepted the plan or such class is not impaired under the plan. 11 U.S.C. § 1129(a)(8). The holder of an allowed claim or interest may accept or reject a plan. 11 U.S.C. § 1126(a). A class of claims has accepted a plan if such plan has been accepted by creditors that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors that have accepted or rejected such plan. 11 U.S.C. § 1126(c). On information and belief, and based on the fact that Committee members have unanimously voted to reject the Plan, and based upon indications by other large creditors outside the Committee, it

appears that the majority necessary to accept the Plan under 11 U.S.C. §1126(c) and §1129(a)(8) will not been met.

### B. The Plan Fails the Best Interest Test

The Plan designates General Unsecured Claims as impaired. Plan, p. 2. The court shall confirm a plan only if, with respect to each impaired class of claims or interests, each holder of a claim or interest of such class has accepted the plan, or will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. 11 U.S.C. § 1129(a)(7)(A). Under a Chapter 7 liquidation, property of the estate would be distributed in payment of all allowed unsecured claims and in payment of interest on those claims at the legal rate from the date of the filing of the petition before being distributed to equity. 11 U.S.C. § 726(a)(2), (5), (6).

The Plan specifies that no payments on account of interest will be made to unsecured creditors before remaining funds are distributed to equity holders. The Plan states that "[y]our claim is *likely* but not guaranteed to be paid in full (100% of what is owed) without interest…" (emphasis in the original) Plan, p. 2, Class 1. It then provides that "[t]hose holding interest in the Debtor will share in whatever funds and other assets remain after satisfaction in full of all other claims according to their relative interest in the Debtor." Plan, p. 3, ¶ 3, Class 2. However, "creditors of a solvent debtor… enjoy an equitable right to contractual or state law default post-petition interest before allocation of surplus value from a bankruptcy estate." Ad Hoc Comm. of Holders of Trade Claims v. PG&E (In re PG&E Corp.), 46 F.4th 1047, 1064 (9th Cir. 2022). (See also Keystone Gas Gathering, L.L.C. v. Ad Hoc Comm. (In re Ultra Petroleum Corp.), 943 F.3d 758, 765 (5th Cir. 2019). "[A]bsent compelling equitable considerations, when a debtor is

solvent, it is the role of the bankruptcy court to enforce the creditors' contractual rights." <u>Official Comm. of Unsecured Creditors v. Dow Chem. Corp. (In re Dow Corning Corp.)</u>, 456 F.3d 668, 679 (6th Cir. 2006).

The <u>In re PG&E</u> court reversed a decision limiting postpetition interest against a solvent debtor to the federal judgment interest rate and concluded that without 'compelling equitable considerations' to the contrary, the interest rate used to calculate the value of the claims should be the contractual default interest rate or state law default interest rate. <u>In re PG&E Corp.</u>, 46 F.4th 1047, 1064. Under California law, "[i]nterest accrues at the rate of 10 percent per annum on the principal amount of a money judgment remaining unsatisfied." Cal. Civ. P. § 685.010(a).

Therefore, without a vote by General Unsecured Claims in favor of the Plan, and without paying those claims in full *with interest* at the applicable rate, the Plan cannot be confirmed.

### C. **The Plan Was Proposed in Bad Faith and By Means Forbidden By Law.**

The court shall confirm a plan only if the proponent of the plan complies with the applicable provisions of this title, and the plan has been proposed in good faith and not by any means forbidden by law. 11 U.S.C. § 1129(a)(2), (3). "According to the good faith requirement of section 1129(a)(3), the court looks to the debtor's plan and determines, in light of the particular facts and circumstances, whether the plan will fairly achieve a result consistent with the Bankruptcy Code. The plan 'must be 'viewed in light of the totality of the circumstances surrounding confection' of the plan [and] . . . the bankruptcy judge is in the best position to assess the good faith of the parties' proposals.'" <u>In re Madison Hotel Assocs.</u>, 749 F.2d 410, 425 (7th Cir. 1984), quoting <u>In re Jasik</u>, 727 F.2d 1379, 1383 (5th Cir. 1984). The Committee asserts that certain insiders of both the Debtor and Purchaser have violated their fiduciary duties to creditors by failing to insist on full payment of claims by the Purchaser. Instead, Mr. Castillo and

Ms. Duvivier have been reaching out to creditors and holding them hostage by using the Debtor's own delay built into the Plan for the benefit of the Purchaser and themselves individually by repeatedly seeking claims reductions from unsecured creditors.

### 1. Insiders Have Prevented Timely Payments by Purchaser of Assumed Trade Payables

The Plan has been proposed by means forbidden by law in contravention of the Debtor's and its insiders' fiduciary duty to creditors by assisting the Purchaser in avoiding its obligations to creditors. Several former principals of the Debtor were offered employment by Purchaser, which they accepted, and since then have also been insiders of Purchaser. Section 2.3 of the APA states that "Purchaser shall assume and shall timely perform and discharge in accordance with their respective terms… (e) all Liabilities with respect to Assumed Trade Payables." Sale Notice, p. 29 (APA p. 19). The sale closed on July 20, 2022. Doc. 598, p. 5.

Almost 5 months have passed since the completion of the sale. However, to date, only two of the five Committee members have received payment from the Purchaser on their claims. On information and belief, several unsecured creditors of the Debtor whose claims qualify as Assumed Trade Payables have not been paid, not been paid in accordance with their respective terms, or have received offers from the Purchaser to pay a lesser amount than they are owed. See *Declaration of Andrew Bergen in Support of Motion to Compel Purchaser to Perform Terms of Asset Purchase Agreement and Pay Its Assumed Trade Payables* and *Declaration of Michael Levine in Support of Motion to Compel Purchaser to Perform Terms of Asset Purchase Agreement and Pay Its Assumed Trade Payables* at Doc. 613.

Under any normal circumstance, the Debtor should be bringing an action to compel the Purchaser to complete its part of the bargain by paying the Assumed Trade Payables, thereby

reducing the burden on the estate to pay those portions of the claims against it. However, the Debtor's insiders and Purchaser have engaged in bad faith behavior by delaying payments to the Assumed Trade Payables in breach of the contractual obligations to pay them in a timely manner, while using that delay as leverage to force discounted payments. Therefore, the proponents of the plan have violated their fiduciary duty to creditors.

**2. The Plan Unnecessarily Conditions Payment of Unsecured Claims on the Resolution of the Ortiz Class Action**

The Plan provides that "payment [to General Unsecured Creditors] will be made between 15 and 30 calendar days after the alter of: (a) the entry of the Court's Docket of a final and not appealable Order determining the amount of any claim in favor of Veronica Ortiz; and (b) the entry on the Court's Docket of a final and not appealable Order determining the amount of any claim asserted in a class proof of claim that includes Ms. Ortiz as a member of the class." Plan, p. 3, ¶ 2. However, by virtually all accounts, this Case is now dealing with a solvent estate, and on October 11, 2022, a request by plaintiff to dismiss the Ortiz class action has already been filed (Veronica Ortiz, *et al*. vs. Better 4 You Breakfast, Inc., *et al*., Case No. 21STCV27499 in the Superior Court of Los Angeles).

There is no reason to wait for the Ortiz class claim to be resolved if the Debtor knows it will be able to pay all claims anyway. In addition, on information and belief, this provision stalling recovery by unsecured creditors has been used by insiders of the Debtor to motivate certain unsecured creditors to accept discounted amounts in satisfaction of their claims.

**D. The Plan Cannot Be Crammed Down Because It Violates the Absolute Priority Rule**

If each class of impaired claims has not accepted the Plan, the Court shall confirm a plan

only if, with respect to a class of unsecured claims, the plan provides that each holder of a claim of such class receive or retain on account of such claim property of a value, as of the effective date of the plan, equal to the allowed amount of such claim, or the holder of any claim or interest that is junior to the claims of such class will not receive or retain under the plan on account of such junior claim or interest any property. 11 U.S.C. § 1129(b)(2)(B).

For the same reasons as described above, the Plan cannot be confirmed unless and until unsecured creditors vote to accept the plan, or Debtor pays interest on the General Unsecured Claims before allowing equity to receive distributions.

## IV.   CONCLUSION

WHEREFORE, the Committee respectfully requests that this Court deny the confirmation of the Plan.

Respectfully Submitted this 5th day of December 2022.

*s/ Daren Brinkman*
Daren R. Brinkman (SBN 158698)
**BRINKMAN LAW GROUP, PC**
543 Country Club Drive, Suite B
Wood Ranch, CA 93065
Telephone: (818) 597-2992
Facsimile: (818) 597-2998
firm@brinkmanlaw.com

*Counsel for the Committee of
Creditors Holding Unsecured Claims*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

515 Madison Avenue, 9th Fl.
New York, NY 10022

A true and correct copy of the foregoing document entitled (*specify*): Committee of Creditors Holding Unsecured Claims Objection to Confirmation of Debtor's Chapter 11 Plan Dated October 17, 2022 [Doc 597]
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 12/05/2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See attached.

[✓] Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 12/05/2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

See attached.

[x] Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

[ ] Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/05/2022 | Jory Cook | | *Jory Cook* |
|---|---|---|---|
| Date | Printed Name | | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*  **F 9013-3.1.PROOF.SERVICE**

**Electronic Mail Notice List**

The following is the list of parties who are currently on the list to receive email notice/service for this case:

| | |
|---|---|
| **Shraddha Bharatia** | notices@becket-lee.com |
| **Mason S Byrd** | sbyrd@mckoolsmithhennigan.com; LMorrin@mckoolsmithhennigan.com; storm-byrd-1750@ecf.pacerpro.com |
| **Lisa R Chandler** | lisa.chandler@ipfs.com |
| **Michael G D'Alba** | mdalba@DanningGill.com; DanningGill@gmail.com; mdalba@ecf.inoruptcy.com |
| **Eryk R Escobar** | eryk.r.escobar@usdoj.gov |
| **Oscar Estrada** | oestrada@ttc.lacounty.gov |
| **Fredric Glass** | fglass@fairharborcapital.com |
| **Michael S Greger** | mgreger@allenmatkins.com; kpreston@allenmatkins.com |
| **Mark D Hurwitz** | mhurwitz@lsl-la.com; dsmall@lsl-la.com,narutunyan@lsl-la.com |
| **Ori Katz** | okatz@sheppardmullin.com; lsegura@sheppardmullin.com |
| **Gerald P Kennedy** | gerald.kennedy@procopio.com; kristina.terlaga@procopio.com;calendaring@procopio.com; efile-bank@procopio.com |
| **Raffi Khatchadourian** | raffi@hemar-rousso.com |
| **Nicholas A Koffroth** | nkoffroth@foxrothschild.com, khoang@foxrothschild.com |
| **David S Kupetz** | David.Kupetz@lockelord.com, mylene.ruiz@lockelord.com |
| **Peter W Lianides** | plianides@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com |
| **Kerri A Lyman** | klyman@steptoe.com; FirmPSDocketing@Steptoe.com; nmorneault@Steptoe.com; mhernandez@steptoe.com; aodonnell@steptoe.com |
| **Alan I Nahmias** | anahmias@mbn.law, jdale@mbnlawyers.com |
| **Jeffrey M. Reisner** | jreisner@steptoe.com; FirmPSDocketing@Steptoe.com; klyman@steptoe.com; nmorneault@Steptoe.com |
| **Mark Romeo** | romeolaw@msn.com |
| **Anthony J Rothman** | anthony@arothmanlaw.com |
| **Najah J Shariff** | najah.shariff@usdoj.gov, USACAC.criminal@usdoj.gov |
| **Zev Shechtman** | zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inoruptcy.com |
| **Nancy R Thomas** | nthomas@mofo.com, nancy-thomas-4464@ecf.pacerpro.com |
| **David A Tilem** | davidtilem@tilemlaw.com; DavidTilem@ecf.inoruptcy.com; joanfidelson@tilemlaw.com; JoanFidelson@ecf.inoruptcy.com; TilemDR69450@notify.bestcase.com |
| **United States Trustee (LA)** | ustpregion16.la.ecf@usdoj.gov |
| **Brett D Watson** | bwatson@cozen.com, daynasmith@cozen.com |
| **Larry D Webb** | Webblaw@gmail.com, larry@webblaw.onmicrosoft.com |

## Manual Notice List

      I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows:

**Aetna Life Insurance Company and Affiliated Entities**
c/o Payam Khodadadi, Esq.
MCGUIREWOODS LLP
1800 Century Park East, 8th Floor
Los Angeles, CA 90067

**Argo Partners**
12 West 37th Street, 9th Floor
New York, NY 10018

**Armory Consulting Co.**
3943 Irvine Blvd., #253
Suite 1150
Irvine, CA 92602

**Banner Fruit Company**
Attn: Kevin Sommerfeld
PO Box 2971
South San Francisco, CA 94083

**CRG Financial LLC**
84 Herbert Avenue
Building B
Suite 202
Closter, NJ 07624

**Pauline McTernan**
Otterbourg, P.C.
230 Park Ave
New York, NY 10169

**Danielle Montero**
Lavi & Ebrahimian, LLP
8889 W. Olympic Blvd. Ste. 200
Beverly Hills, CA 90211

**Nancy Thomas**
Morrison Foerster LLP
707 Wilshire Blvd
Los Angeles, CA 90017